## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## DALLAS DIVISION

| | | |
|---|---|---|
| **LakeSouth Holdings, LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | Civil Action No. _____ |
| v. | § | |
| | § | |
| **Costco Wholesale Corporation,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| *Defendant*. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW Plaintiff, LakeSouth Holdings, LLC, and files this Original Complaint for patent infringement against Defendant, Costco Wholesale Corporation ("Costco"), and alleges as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## THE PARTIES

2. Plaintiff, LakeSouth Holdings, LLC ("Plaintiff" or "LakeSouth"), is a Delaware limited liability company with its principal place of business located at P.O. Box 93883, Southlake, Texas 76092, which is in the Northern District of Texas.

3. Defendant, Costco Wholesale Corporation ("Costco") is a Washington corporation with its principal place of business at 999 Lake Drive, Issaquah, Washington 98027. Costco is registered to do business in Texas and may be served via its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 101, *et seq.* This Court's jurisdiction over this action is proper under the above statutes, including 35 U.S.C. § 271, *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and § 1338 (jurisdiction over patent actions).

5. Upon information and belief, Costco, directly and/or through subsidiaries, agents, representatives, or intermediaries, has transacted business in this District, has committed and continues to commit and/or induce acts of patent infringement in this District, and has one or more regular and established places of business in this District under the language of 28 U.S.C. § 1400(b) including, but not limited to, 3730 Mountain Creek Pkwy, Dallas, TX 75236, and 12550 Coit Rd., Dallas, TX 75251. Thus, venue is proper in this district as to Costco under 28 U.S.C. § 1400(b).

6. Upon information and belief, Costco has conducted and does conduct substantial business in this forum, directly and/or through subsidiaries, agents, representatives, or intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district. Thus, Costco is subject to this Court's specific and general personal jurisdiction pursuant to due process and the Texas Long Arm Statute. Venue is proper in the Northern District of Texas as to Costco pursuant to 28 U.S.C. § 1400(b).

## THE ASSERTED PATENTS

7. Mr. Gregory G. Kuelbs is a Texas resident and a prolific inventor. Mr. Kuelbs is a named inventor on more than 40 patents. Mr. Kuelbs lives in Westlake, Texas, which is in the Northern District of Texas.

8. This cause of action asserts infringement of United States Patent No. 6,612,713 (the "'713 Patent") and United States Patent No. 8,794,781 (the "'781 Patent") (collectively, the "Asserted Patents").

9. The '713 Patent, entitled "Umbrella Apparatus," duly and legally issued on September 2, 2003, from U.S. Application No. 10/068,424, filed on February 7, 2002, naming as inventor Mr. Kuelbs. A true and correct copy of the '713 Patent is attached hereto as **Exhibit A** and is incorporated by reference.

10. The '713 Patent claims priority to Provisional Application No. 60/267,018, filed on February 7, 2001.

11. The '713 Patent also claims priority to Provisional Application No. 60/335,933, filed on November 2, 2001.

12. The '781 Patent, entitled "Umbrella Apparatus," duly and legally issued on August 5, 2014, from U.S. Patent Application No. 10/650,537, filed on August 28, 2003, naming as inventor Mr. Kuelbs. A true and correct copy of the '781 Patent is attached hereto as **Exhibit B** and is incorporated by reference.

13. The '781 Patent is a continuation of the '713 Patent and claims priority to it.

14. The '781 Patent also claims priority to Provisional Application No. 60/267,018, filed on February 7, 2001.

15. The '781 Patent also claims priority to Provisional Application No. 60/335,933, filed on November 2, 2001.

16. On November 12, 2013, World Factory, Inc., assigned all right, title, and interest in and to the '713 Patent to LakeSouth. A true and correct copy of the assignment agreement is attached as **Exhibit C**.

17. The assignment agreement referenced in paragraph **Error! Reference source not found.** above and attached as **Exhibit C** included an assignment of the "right to file or pursue and non-provisional applications, divisions, re-examinations, reissues, substitutions, continuations, continuations-in-part, and extensions of or to the Patents . . . ."

18. At the time of the assignment agreement referenced in paragraph **Error! Reference source not found.** above and attached as **Exhibit C**, the '781 Patent was pending as a continuation of the '713 Patent.

19. The assignment agreement referenced in paragraph **Error! Reference source not found.** above and attached as **Exhibit C** was an effective assignment of all right, title, and interest in and to the '781 Patent (which was then pending as a continuation application) to LakeSouth.

20. LakeSouth is the owner and assignee of all rights, title, and interest in and under the '713 Patent and '781 Patent.

21. LakeSouth has standing to sue for infringement of the '713 Patent and the '781 Patent.

22. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, LakeSouth and all predecessors in interest to the '713 Patent and '781 Patent have complied with any such requirements.

23. On information and belief, all licensees of the '713 Patent and the '781 Patent are in compliance with any marking required by 35 U.S.C. § 287.

## REEXAMINATIONS OF THE ASSERTED PATENTS

24. On August 12, 2005, Southern Sales & Marketing Group, Inc. ("Southern Sales") filed a Petition for *Inter Partes* Reexamination of the '713 Patent.

25. On September 9, 2005, the United States Patent & Trademark Office (the "USPTO") granted Southern Sales's Petition for *Inter Partes* Reexamination of the '713 Patent.

26. On September 23, 2013, the USPTO issued an *Inter Partes* Reexamination Certificate for the '713 Patent. A true and correct copy of the reexamination certificate is attached as **Exhibit D** and is incorporated by reference.

27. On November 18, 2016, Petitioner Yotrio Corporation filed a Petition for *Inter Partes* Review of Claims 2, 4, 15, 16, 24, 25, and 28 of the '713 Patent (the "'713 IPR Petition") at the USPTO Patent Trial and Appeal Board ("PTAB").

28. The '713 IPR Petition asserted U.S. Patent No. 2,960,094 (the "Small '094 Patent") as prior art against the '713 Patent.

29. The '713 IPR Petition asserted U.S. Patent No. 6,089,297 (the "Wu '297 Patent") as prior art against the '713 Patent.

30. The '713 IPR Petition asserted U.S. Patent No. 5,758,948 (the "Hale '948 Patent") as prior art against the '713 Patent.

31. The '713 IPR Petition asserted U.S. Patent No. 6,439,249 (the "Pan '249 Patent") as prior art against the '713 Patent.

32. The '713 IPR Petition asserted U.S. Patent No. 4,999,060 (the "Szekely '060 Patent") as prior art against the '713 Patent.

33. The PTAB declined to institute an IPR on the '713 Patent in an Order dated May 15, 2017. A true and correct copy of the PTAB's Order denying the '713 IPR Petition on the '713 Patent is attached as **Exhibit E** and is incorporated by reference.

34. The PTAB stated on page 9 of its Order denying the '713 IPR Petition, "the Petition presents 'the same prior art' previously considered by the Office."

35. The PTAB also stated on page 9 of its Order denying the '713 IPR Petition, "we find that Small, Pan, Wu I/II, and Hale have been before the Office in connection with the prosecution of the subject patent in a manner that supports our exercise of discretion to deny institution."

36. The PTAB stated on page 11 of its Order denying the '713 IPR Petition, "we find that every one of Petitioner's Grounds in this Petition involves at least two references that have been before the Office during the prosecution of the '713 Patent. Not only has the art been before the Office, but in the case of Small, Pan, and Wu I/II, we find that the Examiner has specifically considered and disposed of these references in an in-depth manner that indicates far more than cursory review."

37. The PTAB stated on page 12 of its Order denying the '713 IPR Petition, "Petitioner also does not provide a compelling reason why we should re-adjudicate substantially the same prior art, applied in substantially the same manner, as that presented during reexamination and considered by the Examiner."

38. On November 18, 2016, Petitioner Yotrio Corporation also filed a Petition for *Inter Partes* Review of Claims 1, 2, 4, and 5 of the '781 Patent at the PTAB (the "'781 IPR Petition").

39. The '781 IPR Petition asserted the Small '094 Patent as prior art against the '781 Patent.

40. The '781 IPR Petition asserted the Wu '297 Patent as prior art against the '781 Patent.

41. The '781 IPR Petition asserted the Hale '948 Patent as prior art against the '781 Patent.

42. The '781 IPR Petition asserted the Pan '249 Patent as prior art against the '781 Patent.

43. The '781 IPR Petition asserted U.S. Patent No. 5,222,799 (the "Sears '799 Patent") as prior art against the '781 Patent.

44. The '781 IPR Petition asserted U.S. Patent No. 727,495 (the "Todd '495 Patent") as prior art against the '781 Patent.

45. The PTAB declined to institute an IPR on the '781 Patent in an Order dated May 15, 2017. A true and correct copy of the PTAB's Order denying the '781 IPR Petition is attached as **Exhibit F** and is incorporated by reference.

46. The PTAB stated on page 10 of its Order denying the '781 IPR Petition, "the Petition presents 'the same prior art' previously considered by the Office."

47. The PTAB also stated on pages 10–11 of its Order denying the '781 IPR Petition, "we find that Small, Pan, Wu I[], and Hale have been before the Office in connection with the examination of the '537 application in a manner that supports our exercise of discretion to deny institution."

48. The PTAB stated on page 11 of its Order denying the '781 IPR Petition, "[t]he Examiner expressly and substantively considered each of Small and Pan with respect to claims of the '537 application."

49. The PTAB stated on page 12 of its Order denying the '781 IPR Petition, "Petitioner does not provide a compelling reason why we should re-adjudicate substantially the same prior art, applied in substantially the same manner, as that presented during prosecution and considered by the Examiner."

## CLAIM CONSTRUCTIONS REGARDING THE ASSERTED PATENTS

50. The '713 Patent has been recently litigated in the Northern District of Texas.

51. On August 10, 2015 in the *LakeSouth Holdings, LLC v. Ace Evert, Inc., et al.*, No. 3:14-cv-1348 (N.D. Texas) case, the Court issued a claim construction order construing various claims terms of the '713 Patent. A true and correct copy of the claim construction order (Dkt. No. 95) is attached hereto as **Exhibit G**.

## LICENSEES

52. Numerous companies have obtained patent licenses to the '713 Patent and '781 Patent as a result of litigation and outside of litigation including Ningbo Everluck Outdoor Products Manufacturing Co., Ningbo Everluck Import and Export Co., Ace Evert, Inc., Ace Evert International, Inc., Blue Wave Products, Inc., J&J Global LLC, LB International, Inc., Plantation Patterns LLC, Sunset Vista Designs Co., Inc., Yotrio Corporation, Yotrio Group, Ltd., Zhejiang Nengfu Tourist Products Co., Ltd., and Leisureway Inc. (collectively, "Licensees").

53. LakeSouth and the Asserted Patents are well-known and recognized in the industry as important. As a result, companies such as Plantation Patterns LLC, have initiated contact with LakeSouth, without prompting by LakeSouth, in order to obtain a license to the Asserted Patents to license solar-powered umbrellas.

54. LakeSouth's Licensees have supplied and/or are supplying solar-powered outdoor and patio umbrellas, licensed under the Asserted Patents, to major retailers, including, but not

limited to Amazon, Target, Wal-Mart, Sears, Bed Bath & Beyond, Lowe's, Home Depot, Kohl's, and Tuesday Morning.

## COSTCO

55. On information and belief, Costco uses, offers to sell, sells, distributes, and/or imports in the United States various patio and outdoor solar-powered umbrellas.

56. On information and belief, Costco's website identifies various patio and outdoor solar-powered umbrellas. These include both "market" umbrellas and "offset" umbrellas. For example, Costco's website identifies a product described as "9' LED Solar Market Umbrella by Seasons Sentry," Model No. UMB-618749T, Item No. 1068711. Costco's website also identifies a product described as "11' LED Solar Round Offset Umbrella by Seasons Sentry," Model No. UMB-945404T, Item No. 1068728.

57. To date, LakeSouth has identified the following products from Costco's website, which LakeSouth believes were supplied by unlicensed suppliers and which LakeSouth asserts infringe the Asserted Patents:

| Product Description | Model No. | Item No. | Manufacturer |
|---|---|---|---|
| LED Solar Powered Offset Umbrella | UMB-945604T | 1142440 | ATLeisure |
| LED Solar Powered Offset Umbrella | UMB-945604B | 1142451 | ATLeisure |
| LED Solar Powered Offset Umbrella | UMB-945604N | 1142454 | ATLeisure |
| LED Solar powered Market Umbrella | UMB-618749T | 1068711 | ATLeisure |
| LED Solar powered Market Umbrella | UMB-618749B | 1068720 | ATLeisure |

| Product Description | Model No. | Item No. | Manufacturer |
|---|---|---|---|
| LED Solar powered Market Umbrella | UMB-618749N | 1068725 | ATLeisure |
| LED Solar Powered Offset Umbrella | UMB-945404T | 1068728 | ATLeisure |
| LED Solar Powered Offset Umbrella | UMB-945404B | 1068730 | ATLeisure |
| LED Solar Powered Offset Umbrella | UMB-945404N | 1140974 | ATLeisure |

58. LakeSouth accuses of infringing the Asserted Patents those products specifically identified in paragraph 57, as well as any and all, current and prior, reasonably similar solar-powered umbrellas that have the same or equivalent functions and features to the extent relevant to the claims of the Asserted Patents, specifically including, but not limited to, models with different colors than each specifically identified model number (the "Accused Costco Umbrellas").

59. Upon information and belief, Costco obtains at least some of the Accused Costco Umbrellas from ATLeisure, LLC ("ATLeisure").

60. ATLeisure was originally formed as Southern Casual Living, LLC.

61. ATLeisure changed its name from Southern Casual Living, LLC to ATLeisure, LLC.

62. On information and belief, ATLeisure is a Delaware limited liability company with a principal place of business at 1040 Boulevard SE, Suite B, Atlanta, Georgia 30312. ATLeisure markets products under the Season Sentry brand.

63. ATLeisure markets solar powered umbrellas under the Season Sentry brand name, including at least some of the Accused Costco Umbrellas.

64. "Seasons Sentry; by ATLeisure" is a registered trademark bearing Registration No. 4914397.

65. The Accused Costco Umbrellas are and have been sold, offered for sale, and/or marketed by Costco through its website at www.Costco.com and the Costco mobile application for phone and tablet devices.

66. Upon information and belief, the Accused Costco Umbrellas are offered for sale and sold within the Northern District of Texas.

67. On information and belief, Costco has sold, shipped, or distributed the Accused Costco Umbrellas at, from, through, and/or to one or more facilities located in the Northern District of Texas, including but not limited to: 3730 Mountain Creek Pkwy, Dallas, TX 75236, or 12550 Coit Rd., Dallas, TX 75251.

68. Costco has not obtained a license to the Asserted Patents.

69. Costco needs to obtain a license to the Asserted Patents and cease its ongoing infringement of LakeSouth's patent rights.

70. Costco has infringed and continues to infringe (literally and/or under the doctrine of equivalents), directly, indirectly, and/or through subsidiaries, agents, representatives, or intermediaries, one or more claims of the Asserted Patents including at least Claims 2, 4, 15, 16, 17, 24, 25 and 28 of the '713 Patent and/or at least Claims 1, 2, 4, and 5 of the '781 Patent by using, importing, testing, supplying, causing to be supplied, selling, and/or offering for sale in the United States the Accused Costco Umbrellas.

71. Costco induces its customers to infringe the Asserted Patents. Costco customers have infringed and continue to infringe the '713 Patent and the '781 Patent by using the Accused Costco Umbrellas purchased from Costco. Through its website and mobile applications, product

manuals, and/or sales and marketing activities, Costco solicits, instructs, encourages, and aids and abets its customers to purchase and use the Accused Costco Umbrellas, including to use the Accused Costco Umbrellas with a base support. Costco does so with knowledge of the Asserted Patents and knowledge that the induced actions of its customers constitutes infringement.

72. Costco contributes to its customer's infringement of the Asserted Patents. Costco customers infringe the '713 Patent by using certain Accused Costco Umbrellas (those that are not supplied with a base support) in combination with a base support including but not limited to an umbrella base, table, or the ground to support positioning the Accused Costco Umbrellas in an upright position. The Accused Costco Umbrellas constitute a material part of the combination, and Costco has known and still knows its Accused Costco Umbrellas are especially designed, made and/or adapted for use in a way that infringes one or more claims of the '713 Patent. Costco does so with knowledge of the Asserted Patents and knowledge that the actions of its customers constitutes infringement.

73. Further, the Accused Costco Umbrellas are not staple articles or commodities of commerce suitable for substantial noninfringing uses. For example, the Accused Costco Umbrellas are umbrellas, designed to be used as umbrellas, and have no substantial noninfringing use as something other than an umbrella. Costco has not advertised, marketed, promoted, or represented the Accused Costco Umbrellas as having any use other than as umbrellas.

## WILLFULNESS

74. On information and belief, Costco's actions have been with specific intent to cause infringement or Costco has been willfully blind to the resulting infringement because Costco has had actual knowledge of the '713 Patent and/or the '781 Patent and knowledge that its acts were

inducing or contributing to infringement of the Asserted Patents since before the filing of this action.

75. Costco's direct and indirect infringement of the '713 Patent and the '781 Patent has been willful.

76. World Factory, Inc. was a company that had made and sold solar powered umbrellas. World Factory, Inc. is the original assignee, and now a non-exclusive licensee of the Asserted Patents.

77. On information and belief, Costco gained knowledge of the Asserted Patents from its supplier, ATLeisure.

78. ATLeisure purchased Southern Sales & Marketing Group, Inc.'s umbrella division on or about September 13, 2011.

79. Southern Sales & Marketing Group, Inc. has known about the '713 Patent since before August 12, 2005, when it filed its Petition for *Inter Partes* Reexamination of the '713 Patent.

80. Independent of Southern Sales & Marketing Group, Inc., ATLeisure has known about World Factory, Inc. since late February 2014.

81. In a letter dated February 21, 2014, addressed to Bill Browne, who was, and is, President of ATLeisure, with a subject line titled "Solar Powered Umbrellas," World Factory, through its attorney Max Ciccarelli, informed ATLeisure about several patents, including the '713 Patent.

82. The February 21, 2014 letter enclosed a copy of the Reexamination Certificate for U.S. Patent No. 6,612,713.

83. ATLeisure received World Factory's February 21, 2014 letter.

84. In the February 21, 2014 letter, World Factory informed ATLeisure and Mr. Browne that if ATLeisure was interested in licensing the World Factory patent portfolio, then ATLeisure should contact World Factory's attorney and author of the letter, Max Ciccarelli. Mr. Ciccarelli's contact information was provided in the letter.

85. After receiving the February 21, 2014 letter from World Factory, after learning of the '713 Patent, after receiving a copy of the Reexamination Certificate for the '713 Patent, after learning that World Factory was manufacturing solar lighted umbrellas, after learning that World Factory was willing to discuss selling solar powered umbrellas to ATLeisure, and after learning that World Factory was willing to discuss licensing to ATLeisure the World Factory patent portfolio, which included the '713 Patent, ATLeisure used, sold, offered to sell, and/or imported the Accused Costco Umbrellas, which were supplied by vendors other than World Factory.

86. After receiving the February 21, 2014 letter from World Factory, ATLeisure chose not to respond to the February 21, 2014 letter and not to use World Factory as a vendor of solar-powered umbrellas.

87. After receiving the February 21, 2014 letter from World Factory, ATLeisure did not and has not obtained a patent license to the '713 Patent or the '781 Patent from World Factory or from LakeSouth, the current owner of the Asserted Patents.

88. Certain of the Accused Costco Umbrellas, including at least the "9' LED Solar Market Umbrella by Seasons Sentry," Model No. UMB-618749T, Item No. 1068711, referenced in paragraph 56 above, are marked pursuant to 35 U.S.C. § 287 with U.S. Patent No. 7,533,679 and/or U.S. Patent No. 7,604,015.

89. Certain of the Accused Costco Umbrellas, including at least the "11' LED Solar Round Offset Umbrella by Seasons Sentry," Model No. UMB-945404T, Item No. 1068728,

referenced in paragraph 56 above, are marked pursuant to 35 U.S.C. § 287 with U.S. Patent No. 7,533,679, U.S. Patent No. 7,604,015, and/or U.S. Patent No. 5,937,882.

90.     The asserted '713 Patent was cited during prosecution of U.S. Patent No. 7,533,679.

91.     U.S. Patent Application Publication No. 2006/005869, which issued as the asserted '781 Patent, was cited during prosecution of U.S. Patent No. 7,604,015.

92.     U.S. Patent Application Publication No. 2009/0056775, which issued as U.S. Patent No. 7,753,546, a continuation-in-part of the asserted '781 Patent, was cited by the examiner during prosecution of U.S. Patent No. 5,937,882.

93.     ATLeisure was aware of the Asserted Patents by the time the ATLeisure Patents first referenced the Asserted Patents.

94.     Costco had knowledge of the '713 Patent before the filing of this action.

95.     Costco had knowledge of the '781 Patent before the filing of this action.

96.     Despite its knowledge of the '713 Patent and the '781 Patent, Costco has used, sold, offered for sale, and/or imported into the United States the Accused Costco Umbrellas covered by one or more claims of the Asserted Patents.

97.     Costco's infringement of the Asserted Patents has been willful and intentional because it has continued its acts of infringement with knowledge of the Asserted Patents and despite the likelihood that its actions constituted infringement of a valid patent.

## DAMAGES

98.     LakeSouth has been and continues to be damaged as a result of Costco's infringing conduct. Costco is therefore liable to LakeSouth in an amount that adequately compensates LakeSouth for Costco's infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT I – INFRINGEMENT OF THE '713 PATENT

99. LakeSouth incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

100. Costco has been and is now directly infringing the '713 Patent in violation of 35 U.S.C. § 271(a) by using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 2, 4, 15, 16, 17, 24, 25 and 28 of the '713 Patent, including but not limited to the Accused Costco Umbrellas.

101. An exemplary claim chart comparing the "9ft LED Solar Market Umbrella," Model No. UMB-618749T, one of the Accused Costco Umbrellas, to Claim 2 of the '713 Patent is attached as **Exhibit H** and incorporated herein by reference.

102. An exemplary claim chart comparing the "11ft LED Solar Round Offset Umbrella," Model No. UMB-945404T, another of the Accused Costco Umbrellas, to Claim 2 of the '713 Patent is attached as **Exhibit I** and incorporated herein by reference.

103. Costco's direct infringement of the '713 Patent is willful.

104. In addition to and/or in the alternative, Costco has been and is now inducing infringement of the '713 Patent in violation of 35 U.S.C. § 271(b) by actively inducing its unlicensed suppliers and its customers to directly infringe the '713 Patent.

105. For example, to satisfy its demand for solar-powered umbrellas among other reasons, Costco encourages its unlicensed suppliers to import, make, sell, and/or offer to sell the Accused Costco Umbrellas.

106. As another example, Costco sells the Accused Costco Umbrellas to its customers for the express purpose of having its customers use the Accused Costco Umbrellas. Through its retail stores, online store, phone and tablet applications, product manuals, and/or sales and

marketing activities, Costco solicits, instructs, aids and abets, and encourages its customers to purchase and use the Accused Costco Umbrellas, including to use the Accused Costco Umbrellas with a base support and/or umbrella base.

107. Costco's induced infringement of the '713 Patent is willful.

108. In addition to and/or in the alternative, Costco has been and is now contributorily infringing the '713 Patent, in violation of 35 U.S.C. § 271(c), by offering to sell, selling, and/or importing into the United States the Accused Costco Umbrellas (those that are sold without a base support), which are a component of a patented machine, manufacture, combination, or composition, the Accused Costco Umbrellas constituting a material part of the invention, and Costco knowing the same to be especially made or especially adapted for use in a manner that infringes one or more claims of the '713 Patent.

109. The Accused Costco Umbrellas are not a staple article or commodity of commerce suitable for substantial noninfringing use.

110. Costco's contributory infringement of the '713 Patent is willful.

111. On information and belief, Costco has known about the '713 Patent before the filing of this lawsuit.

112. Costco acted despite the likelihood that its actions constituted infringement of a valid patent.

113. Costco was aware that its actions would cause infringement of the '713 Patent and acted with intent to encourage direct infringement of the '713 Patent.

114. As a result of Costco's infringement of the '713 Patent, LakeSouth has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II – INFRINGEMENT OF THE '781 PATENT

115. LakeSouth incorporates and realleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

116. Costco has been and is now directly infringing the '781 Patent in violation of 35 U.S.C. § 271(a) by using, selling, offering for sale, and/or importing into the United States products that are covered by at least Claims 1, 2, 4, and 5 of the '781 Patent, including but not limited to the Accused Costco Umbrellas.

117. An exemplary claim chart comparing the "9ft LED Solar Market Umbrella," Model No. UMB-618749T, one of the Accused Costco Umbrellas, to Claim 1 of the '781 Patent is attached as **Exhibit J** and incorporated herein by reference.

118. An exemplary claim chart comparing the "11ft LED Solar Round Offset Umbrella," Model No. UMB-945404T, another of the Accused Costco Umbrellas, to Claim 1 of the '781 Patent is attached as **Exhibit K** and incorporated herein by reference.

119. Costco's direct infringement of the '781 Patent is willful.

120. In addition to and/or in the alternative, Costco has been and is now inducing infringement of the '781 Patent in violation of 35 U.S.C. § 271(b) by actively inducing its suppliers and its customers to directly infringe the '781 Patent.

121. For example, to satisfy its demand for solar-powered umbrellas among other reasons, Costco encourages its unlicensed suppliers to import, make, sell, and/or offer to sell the Accused Costco Umbrellas.

122. As another example, Costco sells the Accused Costco Umbrellas to its customers for the express purpose of having its customers use the Accused Costco Umbrellas. Through its website, mobile application, product manuals, and/or sales and marketing activities, Costco

solicits, instructs, aids and abets, and encourages its customers to purchase and use the Accused Costco Umbrellas.

123. Costco's induced infringement of the '781 Patent is willful.

124. On information and belief, Costco has known about the '781 Patent since before the filing of this action.

125. Costco acted despite the likelihood that its actions constituted infringement of a valid patent.

126. Costco was aware that its actions would cause infringement of the '781 Patent and acted with intent to encourage direct infringement of the '781 Patent.

127. As a result of Costco's infringement of the '781 Patent, LakeSouth has suffered and is owed monetary damages that are adequate to compensate it for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## DEMAND FOR A JURY TRIAL

128. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, LakeSouth demands a trial by jury on all issues triable of right by a jury.

## PRAYER FOR RELIEF

129. WHEREFORE, LakeSouth respectfully requests that this Court enter judgment in its favor and grant the following relief:

   a. A judgment that Costco has directly infringed one or more claims of the '713 Patent and '781 Patent;

   b. A judgment that Costco has indirectly infringed one or more claims of the '713 Patent and '781 Patent;

   c. A judgment and order requiring Costco to pay LakeSouth past and future damages under 35 U.S.C. § 284, including for supplemental damages arising from any continuing post-verdict infringement for the time between trial and entry of the final judgment with an accounting, as needed, as provided by 35 U.S.C. § 284;

    d.    A judgment and order finding that this is an exceptional case and awarding LakeSouth its reasonable attorneys' fees against Costco pursuant to 35 U.S.C. § 285;

    e.    A judgment and order requiring Costco to pay LakeSouth reasonable ongoing royalties on a going-forward basis after final judgment;

    f.    A judgment and order requiring Costco to pay LakeSouth pre-judgment and post-judgment interest on the damages award;

    g.    A judgment and order requiring Costco to pay LakeSouth's costs; and

    h.    Such other and further relief as the Court may deem just and proper.

Dated: January 17, 2018

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton, Attorney-in-Charge
Texas Bar No. 00790215
ema@emafirm.com
Anthony K. Bruster, of counsel
Texas Bar No. 24036280
akb@emafirm.com
Andrew J. Wright, of counsel
Texas Bar No. 24063927
ajw@emafirm.com
**ALBRITTON LAW FIRM**
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
Telephone: (817) 251-0610
Facsimile: (903) 758-7397

Shawn A. Latchford
Texas Bar No. 24066603
sal@emafirm.com
**ALBRITTON LAW FIRM**
111 W. Tyler Street
Longview, Texas 75601
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

*Counsel for Plaintiff*
*LakeSouth Holdings, LLC*