IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| **LakeSouth Holdings, LLC,** § § *Plaintiff*, § § **v.** § § **Costco Wholesale Corporation,** § § *Defendant*. § § | Civil Action No. 3:18-CV-00105-N **JURY TRIAL DEMANDED** |

**JOINT INITIAL CASE MANAGEMENT REPORT**

Pursuant to the Court's May 11, 2018 Order Requiring Status and Scheduling Conference (Dkt. No. 15), Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and this Court's Local Rules, counsel for Plaintiff LakeSouth Holdings, LLC ("Plaintiff" or "LakeSouth"), and counsel for Defendant Costco Wholesale Corporation ("Defendant" or "Costco") (collectively, the "Parties"), conferred on May 23, 2018, and on subsequent occasions, and jointly submit the following Report:

**Paragraph 1 Disclosures:**

    **(a)**     **a brief statement of the nature of the case and the contentions of the parties**

This is a case for patent infringement. LakeSouth alleges that Costco, directly, indirectly, and/or under the doctrine of equivalents, infringe one or more claims of U.S. Patent No. 6,612,713 ("the '713 Patent") and U.S. Patent No. 8,794,781 ("the '781 Patent") (collectively, the "Patents-in-Suit") under the provisions of 35 U.S.C. § 271. The accused infringing products are certain patio and outdoor solar-powered, lighted umbrellas that LakeSouth alleges are or that have been

made, used, sold, offered for sale, and/or imported in the United States by Costco. LakeSouth also contends that Costco's alleged infringement is willful, and that this case is exceptional under 35 U.S.C. § 285. Accordingly, LakeSouth contends that it is entitled to damages resulting from Costco's direct, indirect, and willful infringement. LakeSouth notes that the Patents-in-Suit have been recently litigated in the Northern District of Texas. On August 10, 2015 in *LakeSouth Holdings LLC v. Ace Evert, Inc., et al.*, No. 3:14-CV-01348 (N.D. Texas), the Court issued a claim construction order construing various claim terms of the '713 Patent. Ace Evert filed a Petition for *Inter Partes* Review with the U.S. Patent and Trademark Office. The *Ace Evert* case is no longer pending, and the IPR Petition was not acted upon. More recently, the Patents-in-Suit were litigated in *LakeSouth Holdings LLC v. Kohl's Department Stores Inc., et al.*, No. 3:16-CV-01024 (N.D. Texas). That case resolved before a claim construction hearing. Additionally, the Defendants in that case (Kohl's and Home Depot) joined third party Yotrio Corporation as petitioners in two Petitions for *Inter Partes* Review of the '713 and '781 Patents. The PTAB denied institution in both cases.

Costco is merely a reseller of the accused product, and it appears that in order to secure venue in Texas (rather than suing the manufacturer named in the complaint) LakeSouth has filed this action here. Costco had no knowledge of the patents prior to this action, and has no knowledge of the development or design of the accused products. Instead, Costco's knowledge is limited to the sales of the accused products. Nonetheless, in an effort to defend this wrongly-filed action, Costco has filed a counterclaim for declaratory judgment of noninfringement and invalidity of the '713 and the '781 Patents. Costco is not liable for LakeSouth's claims and that, when successful on its declaratory judgment claims, LakeSouth shall be liable for Costco's fees.

      **(b)**      **the status of settlement discussions (excluding any discussion of amounts)**

The Parties have exchanged certain information, and LakeSouth has presented a proposed license agreement to Costco in an effort to resolve this case. The Parties agree to continue informal settlement discussions to determine if the case can be resolved.

**(c)	possible joinder of additional parties**

### LakeSouth

LakeSouth does not currently anticipate joining additional parties, but discovery may suggest it is necessary.

### Costco

Costco does not currently anticipate joining additional parties, but is continuing to evaluate this issue.

**(d)	any anticipated challenges to jurisdiction or venue**

There are currently no challenges to jurisdiction or venue.

**(e)	date by which the case will be ready for trial and estimated length of trial**

### LakeSouth

LakeSouth contends that this case can be ready for trial beginning in May 2019. As currently constituted, LakeSouth estimates that trial should last no more than three trial days.

LakeSouth contends that a trial track of one year is reasonable in this particular case because the technology at issue is very simple, and there should be very few claim construction issues, particularly given that this Court previously issued a *Markman* order in the *Ace Evert* case.

### Costco

Costco contends that this case can be ready for trial beginning in May 2020. As currently constituted, Costco estimates that trial should last no more than five trial days.

Costco contends that a trial track of two years is reasonable in this particular case because the accused products are sourced from a third party, the manufacturer of which is believed to be located outside the United States. Costco has no knowledge of the details of the accused products, nor is it responsible for obtaining such information from the manufacturer. As such, it is likely that the bulk of discovery will be from third parties, which will greatly lengthen the action. Furthermore, the lengthy prosecution history related to the '713 and '781 Patents complicates the issues surrounding infringement, validity and claim construction are far beyond a typical case. Costco believes a prior *Markman* decision in a case with an unrelated defendant is irrelevant to this action. This Court is not bound by the prior *Markman* and Costco must be afforded the opportunity to litigate its claims. *See, e.g. Tex. Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 589 (E.D. Tex. 2002).

    **(f)**    **the desirability of ADR, and the timing for ADR**

    **LakeSouth**

LakeSouth anticipates the Parties will continue their negotiations in an attempt to resolve this matter. LakeSouth is unopposed to mediating with a court-appointed mediator.

    **Costco**

Costco anticipates the Parties will continue their negotiations in an attempt to resolve this matter. Costco is unopposed to mediating with a court-appointed mediator after sufficient time for discovery.

    **(g)**    **any objections to disclosure under Rule 26(a)(1)**

    **LakeSouth**

LakeSouth does not object to making the disclosures required by Rule 26(a)(1).

    **Costco**

Costco does not object to making the disclosures required by Rule 26(a)(1).

**Paragraph 2 Disclosures:**

**(1) Proposed modification of the deadlines provided for in Miscellaneous Order No. 62 ¶ 2-1, and the effect of any such modification on the date and time of the claim construction hearing, if any**

**LakeSouth**

LakeSouth does not currently believe that any modification to the deadlines provided for in Miscellaneous Order No. 62 ¶ 2-1 is necessary.

**Costco**

Costco contends the deadline for the disclosure pursuant to ¶3-3 should be delayed by 30 days (75 days after service of preliminary infringement contentions), and further proposes a delay of the exchange of terms under ¶4-1 for 46 days (60 days after the service of invalidity contentions). All subsequent deadlines would be pushed back accordingly.

**(2) Electronic discovery plan**

The Parties have conferred regarding a proposed electronic discovery plan and have agreed, subject to the Court's approval, on the form attached at **Exhibit A**.

**(3) The need for presenting technical tutorials to the presiding judge and the mode for presenting same**

**LakeSouth**

LakeSouth contends that no technology tutorial is necessary in this matter.

**Costco**

Costco agrees that no technology tutorial is necessary in this matter.

**(4) Deviations from and additions to the protective order**

This Court has already entered a Protective Order in this case. *See* Dkt. No. 11.

**(5)    Whether either party desires the presiding judge to hear live testimony at the claim construction hearing**

**LakeSouth**

LakeSouth does not currently consider live testimony necessary for the claim construction hearing.

**Costco**

Costco does not currently consider live testimony necessary for the claim construction hearing, though discovery is needed to make a final determination.

**(6)    The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses**

**LakeSouth**

LakeSouth does not require any specific limits on discovery relating to claim construction, and is amenable to proceeding according to any limitations on discovery provided by the Federal Rules of Civil Procedure.

**Costco**

Costco agrees with the LakeSouth on this issue.

**(7)    The order of presentation at the claim construction hearing**

**LakeSouth**

To the extent that a hearing is held, LakeSouth contends that a term-by-term presentation is best, and that for each term the Plaintiff should proceed first, followed by the Defendant, and concluding with Plaintiff's brief rebuttal, and any additional rebuttals the Court deems helpful.

**Costco**

Costco agrees with the LakeSouth on this issue.

**(8)    The scheduling of a claim construction prehearing conference between attorneys to be held after the filing of the joint claim construction and prehearing statement required by paragraph 4-3**

### **LakeSouth**

LakeSouth does not believe that a pre-hearing conference is necessary.

### **Costco**

Costco agrees with the LakeSouth on this issue.

**(9)** **Whether the presiding judge should authorize the filing under seal of any documents containing confidential information**

### **LakeSouth**

LakeSouth believes that this Court should authorize electronic filing under seal.

### **Costco**

Costco agrees with the LakeSouth on this issue.

**(10)** **The need for any deviation from the ordinary practice of early and late mediations, as well as the potential dates for early and late mediations**

### **LakeSouth**

LakeSouth is not opposed to the ordinary practice of an early and late mediation.

### **Costco**

Costco agrees with the LakeSouth on this issue, but believes the early mediation should not occur until at least after disclosure of preliminary contentions.

### **Discovery Plan:**

**(a)** **Changes in timing**

### **LakeSouth**

LakeSouth does not currently believe that any changes to the deadlines set forth in Miscellaneous Order No. 62 are necessary.

### **Costco**

For the reasons set forth above, Costco contends the following deadlines should be changed as set forth above.

**(b)     Subjects on which discovery may be needed**

**LakeSouth**

LakeSouth requires discovery regarding at least the following subjects:

(1)   Costco's and related third-parties' actions relating to LakeSouth's direct and indirect infringement claims;

(2)   the conception, design, production, marketing, distribution, use, sale, offer for sale, and importation of the accused infringing products, including reasonably similar products;

(3)   the extent of third parties' involvement in the conception, design, production, marketing, distribution, use, sale, offer for sale, and importation of the accused infringing products, including reasonably similar products;

(4)   Costco's actual notice, constructive notice, and/or knowledge of LakeSouth, World Factory, Inc., the Patents-in-Suit, patents and patent applications relating thereto, and LakeSouth's licenses or licensed products;

(5)   financial information relating to Costco and the accused products, including reasonably similar products;

(6)   Costco's patent licenses and settlement agreements, including those related to the accused products and reasonably similar products;

(7)   corporate structure of Costco and information relating to Costco and its related companies;

(8)   Costco's relationship and communications with its manufacturers, suppliers, customers, and related entities;

(9)   all documents and things including alleged prior art that Costco is aware of and/or that it may rely on in support of its defenses and/or counterclaims or to rebut LakeSouth's claims;

(10)  Costco's actions relating to LakeSouth's willful infringement allegations;

(11)  Costco's use, sale, offer for sale, and importation of the accused infringing products, including reasonably similar products;

(12)  evidence relating to secondary considerations of non-obviousness;

(13) Costco's and third parties' actions, documents, and things including licenses and other agreements relevant to damages, including the determination of a reasonable royalty;

(14) the bases for Costco's counterclaims, defenses, and statements set forth in its Answer, including any amendments thereto;

(15) Costco's claim construction positions;

(16) Costco's invalidity contentions and bases thereof;

(17) patents that Costco contends cover or are practiced by the accused infringing products; and

(18) Costco's communications and involvement with any third parties relating to the foregoing subjects of discovery.

**Costco**

(1) the basis for LakeSouth's direct and indirect infringement claims;

(2) the conception, design, and reduction to practice of the alleged inventions;

(3) evidence related to any factor in the *Georgia Pacific* analysis;

(4) the basis for LakeSouth's claims of willfulness;

(5) financial information relating to LakeSouth and licensing of products alleged within the scope of the asserted patents;

(6) LakeSouth's claim construction positions;

(7) all prior art known by LakeSouth, including all prior art disclosed by third parties;

(8) royalties received by LakeSouth for the licensing of the asserted patents;

**(c)   Disclosure of electronically stored information**

The Parties have conferred regarding a proposed electronic discovery plan and have agreed, subject to the Court's approval, on the form attached at **Exhibit A**.

**(d)   Privilege issues**

The Parties will comply with the Federal Rules of Civil Procedure, including Rule 26, regarding privilege issues. The Parties agree that Federal Rule of Evidence 502, including Rule

502(b), shall govern any inadvertent waiver of attorney-client privilege or attorney work product. Furthermore, the Parties have agreed to the following:

 (1) Documents created after the filing of the Original Complaint in this case should not be logged.

 (2) Communications between or among the Parties and their current or prior litigation counsel (including their agents, *e.g.*, paralegals) in this or prior patent infringement cases do not need to be logged unless a third-party was a sender or recipient of the communication.

 (3) To the extent that the Parties use keyword searches for the production of emails, only emails that are responsive to one or more keywords need to be reviewed for purposes of deciding whether it should be logged.

**(e) Limitations on discovery**

### LakeSouth

LakeSouth will comply with the discovery limitations set forth in the Federal Rules of Civil Procedure and does not contend that any changes to the Court's standard limitations are necessary.

### Costco

Costco believes that discovery conducted by LakeSouth as to Costco should be limited to the sales of the accused products and the basis for the counterclaims. To the extent LakeSouth seeks information regarding the development, design, engineering, or manufacturing of the accused products, such discovery should necessarily be requested from third parties.

**(f) Other orders that this Court should issue**

### LakeSouth

LakeSouth contends that no additional orders are required at this time. However, in the event that discovery reveals that certain suppliers of the accused products are located in foreign countries such as China that would require LakeSouth to pursue discovery from foreign entities,

LakeSouth could seek assistance and/or additional orders from the Court to facilitate the taking of foreign discovery.

### Costco

Costco agrees with the LakeSouth that no other orders need to be issued at this time.

Dated: June 6, 2018                                       Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton, Attorney-in-Charge
Texas Bar No. 00790215
Andrew J. Wright
Texas Bar No. 24063927
NELSON BUMGARDNER ALBRITTON P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111
ema@nbafirm.com
andrew@nbafirm.com

Shawn Latchford
Texas Bar No. 24066603
NELSON BUMGARDNER ALBRITTON P.C.
111 West Tyler Street
Longview, Texas 75601
903.757.8449 (phone)
903.758.7397 (facsimile)
shawn@nbafirm.com

Anthony K. Bruster
Texas Bar No. 24036280
BRUSTER PLLC
680 North Carroll Avenue, Suite 110
Southlake, Texas 76092
817.601.9564
akbruster@brusterpllc.com

*Counsel for Plaintiff*
*LakeSouth Holdings LLC*

*/s/ Karen Fitzgerald (by permission)*
Karen K. Fitzgerald
Texas Bar No. 11656750
JOHNSTON TOBEY BARUCH PC
3308 Oak Grove Avenue
Dallas, Texas 75204
214.741.6260
karen@jtlaw.com

Jeffrey Thomas Breloski
Georgia Bar No. 858291
*Admitted Pro Hac Vice*
ATLAWIP LLC
2065 Compton Way
Johns Creek, Georgia 30022
678.667.3491
jbreloski@ATLawip.com

*Counsel for Defendant*
*Costco Wholesale Corporation*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been delivered to all counsel of record on this the 6th day of June, 2018.

_____
Eric M. Albritton